# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

    Petitioner,

v.

BENNY DELOACH,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-32

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Eric Blanton ("Blanton"), who is currently housed at the Appling County Detention Center in Baxley, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Blanton also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 4.) For the reasons which follow, Blanton's Motion to Proceed *In Forma Pauperis* is **DENIED**. I **RECOMMEND** that the Court **DISMISS** Blanton's Petition without prejudice, **CLOSE** this case, and **DENY** Blanton leave to appeal *in forma pauperis* and a certificate of appealability.

## **BACKGROUND**

Blanton filed this Section 2254 Petition to contest his convictions for driving with a suspended licensed and for violation of O.C.G.A. § 40-6-253(b), Georgia's open container law, in the State Court of Appling County, Georgia. Blanton was sentenced to one hundred and twenty days' incarceration in the County Jail and twelve months' probation.[1] (Doc. 1, p. 1.) Blanton asserts he filed an appeal of his conviction, but he has yet to receive notification of the results of his appeal. (Id. at p. 2.) Further, Blanton states that he filed what the Court presumes

---

[1] Blanton further asserts that he must serve an additional three years' probation as a result of his conviction. (Doc. 1, p. 13.)

to be a state habeas corpus proceeding in the Appling County Superior Court, Case Number C14-6-96. (Id. at p. 12.) Additionally, Plaintiff contends he filed a motion to withdraw his guilty plea in the Appling County Superior Court and Appling County State Court and that he has filed a similar motion in this Court. (Id. at p. 13.)

In this Petition, Blanton asserts that his rights to due process and his Fourth Amendment right against unreasonable searches and seizures were violated via an illegal search and seizure and arrest arising from a traffic stop conducted by the Appling County Sheriff's Department. (Id. at p. 5.) Blanton further asserts violations of his Eighth Amendment right against cruel and unusual punishment, claiming that the sentence imposed by the Appling County State Court was unfair because he only had "three prior charges of driving [with a suspended or revoked license] and [driving] under the influence of some type of drug." (Id. at p. 9.) Blanton also asserts that an Appling County Sheriff's Department deputy violated his First Amendment right to free speech by arresting him in retaliation for Blanton's prior filing of a civil action against the Appling County Sheriff's Department.[2] (Id. at p. 10.) Throughout his Petition, Blanton contends that he has not presented these claims on appeal or raised these issues through a post-conviction motion or petition for habeas corpus in state court because "the entire court system which sits in the Brunswick Judicial Circuit . . . is corrupt;" he has "been appointed [i]ncompetent counsel;" his appointed counsel "is covering evidence of corrupt officials;" he does not "know court rules or the process;" and he does "not have access to a law library." (Id. at pp. 6–7.)

---

[2] Blanton frames his final claim as a Fourth Amendment violation, as opposed to a First Amendment violation.

2

**DISCUSSION**

Blanton brings this action under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge, . . . and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The requisite review of Blanton's Petition implicates doctrines of law which require the dismissal of his Petition.

**I.   Dismissal for Failure to Exhaust State Court Remedies**

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." Id. at 845.  This exhaustion requirement also extends to a state's collateral review process.  Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004).  If a petitioner fails to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition, the Court must dismiss the petition.  See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C. §§ 2254(b) & (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Blanton has not shown that this Court should entertain his federal petition.  Respondent has not waived the exhaustion requirement.  In addition, there is no evidence that there is no available corrective process in the State of Georgia.  In fact, according to Blanton's own admissions, he has motions pending in several courts in the State of Georgia.  (Doc. 1, pp. 2, 3, 12, 13.)  According to Blanton, none of those courts have entered rulings on those motions.  Blanton has not shown that an unreasonable amount of time has elapsed since the time Blanton

filed his various motions and the date of this Report. However, should Blanton believe the state courts have unreasonably delayed in deciding his motions, Blanton also has available to him the ability to seek a writ of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on his motion to withdraw his plea. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006). For the reasons set forth above, Blanton failed to exhaust his available state remedies prior to filing this Petition, and his Petition should be dismissed, without prejudice.

## II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Blanton leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Blanton has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v.

5

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Blanton's Petition and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability.

Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS without prejudice** Blanton's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** a certificate of appealability and **DENY** Blanton leave to proceed *in forma pauperis*. Blanton's Motion to Proceed *In Forma Pauperis* in this Court, (doc. 4), is **DENIED**.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve Blanton with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA